Filed 3/2/22  P. v. Sullivan CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B308785 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA058054) |
| v. | |
| RANDY DESHAWN SULLIVAN, | |
| Defendant and Appellant. | |

APPEAL from an order the Superior Court of Los Angeles County.  Daviann L. Mitchell, Judge.  Reversed and remanded with directions.

Victor J. Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnson and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## PROCEDURAL BACKGROUND

Petitioner Randy D. Sullivan, along with his co-defendants Joshua Lockett and Terrell Henderson, was convicted in 2014 of the murder of Brandon Houston. All three defendants petitioned for resentencing under Penal Code section 1170.95.[1] The trial court held a single evidentiary hearing where no new evidence was presented, and the defendants based their arguments on the trial record. The court denied all three petitions for resentencing in a single order in August of 2019. Lockett and Henderson filed timely appeals. We resolved these appeals via a nonpublished opinion. (*People v. Lockett* et al. (July 23, 2021, B301103) [nonpub. opn] (*Lockett*).) In *Lockett*, we reversed the trial court and ordered that Lockett's and Henderson's petitions for resentencing be granted.

Neither the trial court nor his counsel advised Sullivan of his right to appeal the denial of his petition for resentencing. Over a year after the denial, Sullivan filed a writ of habeas corpus in pro. per. It was denied, and he attempted to appeal that denial. He later sought to have the habeas corpus appeal construed as a timely appeal of the denial of his petition for resentencing. This court granted the unopposed request to allow Sullivan to proceed with his untimely challenge in May of 2021, shortly before we issued *Lockett* granting the petitions of Sullivan's co-defendants.

## DISCUSSION

*Lockett* already details the underlying factual record, and the reasons why we concluded the trial court's conclusions were not supported by substantial evidence as to Sullivan's co-

---

[1]    All further section references are to the Penal Code unless otherwise specified.

defendants. The current appeal is based on the identical trial record and the identical order denying the petition. To reach a different result, we would either have to: (1) decide our recent decision in July of 2021 was incorrect; or (2) decide there was a material difference in the evidence as to Sullivan, justifying a different outcome for him. The People chose in their brief to virtually ignore our ruling in *Lockett*. They mention in a footnote that we reversed the trial court as to Lockett and Henderson but say nothing about why the result should be any different for Sullivan.

No purpose would be served by repeating everything we have already said in *Lockett,* so we incorporate that opinion herein by this reference. We believe the rationale for the decision in *Lockett* applies with equal force to Sullivan. If his appeal had been considered at the same time as Lockett and Henderson's, the result for Sullivan would have been the same as it was for his co-defendants.

We recognize that there were some unique facts as to each of the co-defendants. Sullivan was, for example, a self-admitted gang member, and made a reference to his disdain for the "190" gang. He told his friends he needed to call one of his "homies" to tell them he just got into it with someone from "190." When they returned to fight, Sullivan asked, "How do you want to do this?" and when asked *by Houston's 14-year-old nephew* what he meant, Sullivan said to the nephew (not Houston), "You said you want to fight my brother" (referring to Henderson). These facts demonstrate the fistfight that broke out was no accident, and that Sullivan was backing up Henderson's altercation with Houston and his nephew. But the facts that are unique to Sullivan do not transform the highly speculative nature of the

3

remaining evidence into substantial evidence that *Sullivan* intended to kill Houston. Houston was not a gang member and said that directly to Sullivan. Houston's sister, Chrishonda Coulter, said *she* knew people from "190," and Houston quickly distanced himself from that statement by saying the disagreement with Sullivan and his friends was *not* about gang animosity but rather about their display of disrespect at his mother's house. Sullivan then shook hands with Houston and expressed affection for him and his family. It was Henderson who exchanged words with Houston, yelled at Houston as they initially left, and threw the first punch (at Houston's nephew). When they came back to fight, Sullivan first shook hands with a friend of Houston. After the fistfight was underway, the gunman first shot into the air and then shot at someone other than Houston before ultimately shooting Houston.

The jury found against the People on the gang allegations. The assertion that Sullivan must have solicited the gunman and instructed him to target Houston because of gang animus, while certainly conceivable, fell far short of having been sufficiently proven. The same lack of substantial evidence of an intent to kill as to Lockett and Henderson that we identified in *Lockett* is present as to Sullivan as well. Sullivan's petition should have been granted.

In light of our conclusion that the petition should have been granted, it is unnecessary for us to address Sullivan's additional contention that the trial court failed to hold the People to the statutory standard of proof beyond a reasonable doubt.

**DISPOSITION**

The order denying Sullivan relief under section 1170.95 is reversed. The matter is remanded to the trial court with directions to grant Sullivan's petition for resentencing and to resentence him in accordance with section 1170.95. Thereafter, a copy of the court's order and an amended abstract of judgment should be sent to the Department of Corrections and Rehabilitation. Further, the court should report a resentencing under Senate Bill No. 1437 to the Department of Justice as required by section 13151.

HARUTUNIAN, J.[*]

We concur:

STRATTON, Acting P. J.

WILEY, J.

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.